IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GERALD WILLIAM REN QUICK | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-130 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Gerald William Ren Quick, represented by counsel, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d).

"Section 2254 'confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments.'" *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (quoting *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). 28 U.S.C. § 2241 "specifies the court in which the petition must be brought." *Id.* (quoting *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991)). 28 U.S.C. § 2241 states that federal courts may issue writs of habeas corpus "within their respective jurisdictions." "The 'respective jurisdictions' language presumably limits the general habeas power contained in § 2254." *Carmona*, 357 F.3d at 537; *see also Web v. Beto*, 362 F.2d 105, 108 (5th Cir.

1966).

In the present case, Petitioner challenges a conviction from San Jacinto County, Texas located in the Southern District of Texas, Houston Division. Petitioner is also under the supervision of the Community Supervision and Corrections Department of San Jacinto County, Texas. Petitioner was not convicted within this district and he is neither currently nor was he formerly detained or supervised in this district on the related sentence. As a result, venue is not proper in the Eastern District of Texas and this court lacks jurisdiction to consider the petition.

Conclusion

The court has considered the circumstances underlying the particular facts of this case and has determined that the interests of justice would be served by transferring this petition to the division where Petitioner was convicted and where he is supervised. Venue is not proper in the Eastern District of Texas and this court lacks jurisdiction to consider the petition. Therefore, the petition should be transferred to the Houston Division of the Southern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED this the 29th day of October, 2025.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

2